# EXHIBIT A

Anthony Smith
vs.
Equifax Information Services, LLC et. al.

**ELECTRONICALLY FILED**
2017 Jan 16 PM 12:17
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-000313
Division: 35

**SUMMONS**

To the above-named Defendant/Respondent:

> **Equifax Information Services LLC**
> **RA: CORPORATION SERVICE COMPANY**
> **2900 SW WANAMAKER DRIVE SUITE 204**
> **Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/06/2017, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 01/17/2017 10:43:15 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

Anthony Smith
vs.
Equifax Information Services, LLC et. al.

ELECTRONICALLY FILED
2017 Jan 16 PM 12:17
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-000313
Division: 35

**SUMMONS**

To the above-named Defendant/Respondent:

        **Equifax Information Services LLC**
        **RA: CORPORATION SERVICE COMPANY**
        **2900 SW WANAMAKER DRIVE SUITE 204**
        **Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/06/2017, to be held at the following location:

        Wyandotte County District Court
        Wyandotte County District Court
        710 N. 7th St.
        Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 01/17/2017 10:43:15 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

Anthony Smith
vs.
Equifax Information Services, LLC et. al.

ELECTRONICALLY FILED
2017 Jan 16 PM 12:17
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-000313
Division: 35

**SUMMONS**

To the above-named Defendant/Respondent:

> **Equifax Information Services LLC**
> **RA: CORPORATION SERVICE COMPANY**
> **2900 SW WANAMAKER DRIVE SUITE 204**
> **Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 02/06/2017, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 01/17/2017 10:43:15 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Jan 16 PM 12:17
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-000313

### In the District Court of Wyandotte County, Kansas
### Limited Actions Division

| | |
|---|---|
| ANTHONY J. SMITH,<br><br>             Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LLC AND EQUIFAX INFORMATION SERVICES, LLC,<br><br>             Defendants. | Case Number: 2017-LM-000313<br><br>Division: 35 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.    This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4.    Plaintiff is a resident of Kansas.

5.    Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability

Company.

6. At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

7. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9. Defendant Experian Information Solutions Inc. is a Delaware corporation.

10. At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

11. On November 9, 2015, Plaintiff petitioned for relief in Chapter 13 of the United States Bankruptcy Code in case number 15-22360 in Kansas District Court.

12. Included in the schedules filed in case number 15-22360 were certain unsecured accounts and judgments.

13. On January 14, 2016, a Chapter 13 plan was confirmed by the Bankruptcy Court. Plaintiff is, and has been, current on the Chapter 13 payments.

14. As a result of the January 14, 2016 confirmation, the Plaintiff, as debtor, and his creditors are currently bound by a confirmed Chapter 13 Bankruptcy Plan.

15. The accounts and judgments listed in the schedules filed in case number 15-22360 were accounted for in the plan and the creditors were notified of their status.

16. The plan allowed both for a stay of collection and prescribed certain treatment for various unsecured accounts.

17. The filing of case number 15-22360 and the confirmation of the plan on January 14, 2016 changed the status of the accounts and judgments listed in the schedules filed in case number 15-22360.

18. Thereafter, Defendants reported some of those accounts has having a $0 balance and included in bankruptcy while allowing other accounts of the same status to report as having a past due balance.

19. Therefore, Defendants reported both the bankruptcy filing and the accurate reporting of some creditors, but allowing other debts of the same status to remain misreported in the remainder of the credit report. creates

20. Defendants have no reasonable procedures to assure consistent and non-confusing reporting, as required by the FCRA.

21. Defendants have notice of Plaintiff's bankruptcy because the majority of the tradelines on Plaintiff's credit report evidence an "included in bankruptcy" notation and Plaintiff's bankruptcy is reported in the "public records" section of her credit report. The Defendants are aware that this notation produces a uniform change to every tradeline reported on Plaintiff's credit report, by virtue of the bankruptcy process.

22. The change, specifically, is that no tradeline included in the bankruptcy can accurately be described as "in collections."

23. Defendants have allowed certain tradelines to show as "past due" and "in collections" *without also* referencing Plaintiff's bankruptcy, creating a materially misleading impression that those tradelines are not included in Plaintiff's bankruptcy and are, in fact, presently due and owing.

24. Defendants' inaccurately reporting certain tradelines as "in collections" while simultaneously reporting the majority of tradelines as included in Plaintiff's bankruptcy, evidences Defendant's failure to update tradelines to be consistent with each other, and to conform with readily available public records.

25. Effectively then, Defendants are leaving outdated information on Plaintiff's credit report, creating an internal inconsistency on Plaintiff's credit report.

26. Although many tradelines were properly updated, several were not—and the resulting credit report is confusing to whomever accesses the report.

27. Defendants have therefore failed to accurately, consistently, and clearly report tradelines after notice of an occurrence wherein a uniform change to the entirety of Plaintiff's credit report is expected. Defendants' misreporting of inconsistent credit information and their failure to properly update tradelines to conform to readily available public records demonstrates that Defendants lack reasonable procedures to assure maximum possible accuracy of information contained in Plaintiff's credit report.

28. Given the fluidity of the Defendants' procedures of relying on the furnishers to unilaterally determine their status, these incorrect entries are subject to change.

### Count I – Violations of the Fair Credit Reporting Act

Comes now Plaintiff and for Count I against the Defendants states and alleges to the Court as follows:

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice

of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

31.   At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

32.   At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

33.   At all times pertinent hereto, the Plaintiff Anthony J. Smith is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

34.   At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal,

family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

35. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

36. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    e. Such other and further relief as may be necessary, just and proper

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Brian Johnson #26934
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:
Email:  aj@kcconsumerlawyer.com
            mr@kcconsumerlawyer.com
            bj@kcconsumerlawyer.com
Attorneys for Plaintiff



Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101

Equifax Information Services LLC
RA: Corporation Service Company
2900 Wanamaker Drive, Suite 204
Topeka, Kansas 66614